FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMARIA V., | No. 4:21-CV-5157-JAG |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | ECF Nos. 9, 11 |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 9, 11. Attorney Chad Hatfield represents Samaria V. (Plaintiff); Special Assistant United States Attorney Katherine B. Watson represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

### I.    JURISDICTION

Plaintiff filed an application for benefits on August 21, 2016, alleging disability since July 4, 2013. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on January 9, 2019, and issued an unfavorable decision on February 12, 2019.

Tr. 12-33.  The Appeals Council denied review on February 4, 2020.  Tr. 1-6.  This Court subsequently remanded the matter based on a stipulated motion for remand.  Tr. 1267-73.  The ALJ held a second hearing on August 11, 2021, and issued an unfavorable decision on October 14, 2021.  Tr. 1194-1211.  Plaintiff thereafter filed this action for judicial review on December 17, 2021.  ECF No. 1.  The parties have consented to proceed before a magistrate judge by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2) as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline.  ECF No. 13.

## II.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set

aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV.    ADMINISTRATIVE FINDINGS

Utilizing the five-step disability evaluation process, the ALJ found:

**Step one**: Plaintiff engaged in substantial gainful activity from January 2019 to March 2019, but not at any other time since the application date. Tr. 1197.

**Step two**: Plaintiff has the following severe impairment: dermatomyositis. *Id*.

**Step three**: This impairment does not meet or equal the requirements of a listed impairment. Tr. 1201.

**Residual Functional Capacity**: Plaintiff can perform sedentary work, subject to the following limitations: Plaintiff can perform postural activities occasionally except never climb ladders, ropes, or scaffolds; can frequently

1   perform overhead reaching bilaterally; Plaintiff should avoid concentrated
2   exposure to extreme cold, respiratory irritants, and hazards; Plaintiff would miss
3   approximately one day of work about every other month for medical reasons
4   (approximately six per year).  Tr. 1202.
5       ***Step four***:  Plaintiff has no past relevant work.  Tr. 1210.
6       ***Step five***:  As there are jobs that exist in significant numbers in the national
7   economy that Plaintiff can perform, Plaintiff is not disabled.  *Id*.

## V.    ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff raises the following issues for review: (1) whether the ALJ erred by failing to assess fibromyalgia/chronic pain syndrome as severe at step two; (2) whether the ALJ erred at step three; (3) whether the ALJ properly evaluated the medical opinion evidence; (4) whether the ALJ properly evaluated Plaintiff's subjective complaints; and (5) whether the ALJ erred at step three; and (6) whether the ALJ erred at step five.  ECF No. 9 at 7-8.

## VI.    DISCUSSION

### A.    The ALJ Harmfully Erred at Step Two.

Plaintiff argues the ALJ harmfully erred by not finding fibromyalgia severe at step two.  ECF No. 9 at 13-14.  At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities.  *See Bowen*, 482 U.S. at 145; 20 C.F.R. § 404.1520(c).  To establish a severe impairment at step two, the condition "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source."  20 C.F.R. § 404.1521.

Plaintiff carries the burden of proving an impairment is disabling; a statement of symptoms is insufficient. *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985).

The ALJ did "not find a diagnosis of a chronic pain disorder/fibromyalgia is supported as a medically determinable impairment," and alternatively found "if it was a medically determinable impairment, it would not result in significant vocational limits and would be non-severe." Tr. 1198. In rejecting fibromyalgia as a medically determinable impairment, the ALJ first found "it is not clear that all other physical or mental disorders that could cause her symptoms or signs have been ruled out," pointing to Plaintiff's "fail[ure] to consistently seek treatment for this condition." *Id.*; *see* SSR 12-p (stating step two criteria for fibromyalgia).

As an initial matter, it is not entirely clear how Plaintiff's frequency–or lack thereof–in seeking treatment for fibromyalgia is probative of whether other disorders had been ruled out.[1] Moreover, the medical record indicates that, at the direction of Plaintiff's treating rheumatologist–who began treating Plaintiff in July 2016, *see* Tr. 1416–Plaintiff underwent a battery of diagnostic tests in May 2020 to rule out other conditions. *See* Tr. 1519-21. Only after reviewing the test results did Plaintiff's treating rheumatologist diagnose fibromyalgia. *See* Tr. 1514 ("[g]reater than 11 tender points consistent with hyperalgesia from fibromyalgia").

---

[1] The medical record indicates Plaintiff experienced "severe" anxiety and depression symptoms during the time period in which she missed follow-up rheumatologist appointments. *See, e.g.*, Tr. 2085 (indicating diagnoses); Tr. 2071 (indicating missed appointments); *see also* Tr. 1543 (treatment note indicating Plaintiff "feeling depresses [*sic*] lately and it seems to be getting worse"). The Ninth Circuit has made clear that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

Similarly, in January 2021, an emergency room physician ordered and reviewed various diagnostic testing before diagnosing Plaintiff with "[f]ibromyaglia with acute flare." Tr. 2072. When evaluating medical evidence, an ALJ must present a rational and accurate interpretation of that evidence. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). Because the ALJ did not do so here, the ALJ erred by excluding fibromyalgia on this ground.

Second, the ALJ rejected fibromyalgia as a medically determinable impairment based on a "normal physical exam" on January 31, 2021. Tr. 1198. The ALJ noted "there was not an exam of her tender points" and observed Plaintiff "had no motor deficit and no sensory defect." *Id*. The former finding is unsupported because, as discussed above, Plaintiff's treating rheumatologist conducted a tender points exam in May 2020. As to the latter, the ALJ's finding on this score is legally erroneous. The Ninth Circuit has held "[i]n evaluating whether a claimant's residual functional capacity renders them disabled because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique symptoms and diagnostic methods … The failure to do so is error." *Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir. 2017). Fibromyalgia is evaluated "entirely on the basis of patients' reports of pain and other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). "[T]he symptoms of fibromyalgia wax and wane, and a person may have bad days and good days." *Revels*, 874 F.3d at 663 (cleaned up). The longitudinal medical record is consistent with this characterization of the impairment. *See* Tr. 1498 (June 8, 2016 treatment note indicating "[p]ositive for myalgias"); Tr. 1578 (May 22, 2019 treatment note indicating Plaintiff "has been feeling incredibly fatigued and weak"); Tr. 1630 (October 25, 2020 treatment indicating "pain around [Plaintiff's] left breast which

is radiating down to her left hip"); Tr. 1657 (April 17, 2017 treatment note indicating "joint pain").

Further, the Ninth Circuit has made clear that "mostly normal results" of objective tests "are perfectly consistent with debilitating fibromyalgia," *Revels*, 874 F.3d at 666, and that an ALJ errs "by effectively requiring objective evidence for a disease that eludes such measurement," *Benecke*, 379 F.3d at 594 (cleaned up). *Revels* further instructs that, in the context of a fibromyalgia claimant, an ALJ's citation to "normal muscle strength, tone, and stability, as well as a normal range of motion" is "erroneous." 874 F.3d at 666; *see id.* at 663 ("A person with fibromyalgia may have muscle strength, sensory functions and reflexes that are normal.") (cleaned up). Thus, it is of no moment that Plaintiff–during one isolated exam – "had no motor defect and no sensory defect." Tr. 1198. As noted above, a treatment note from May 18, 2020 indicates "[g]reater than 11 tender points consistent with hyperalgesia from fibromyalgia[.]" Tr. 1514. Accordingly, the ALJ erred by rejecting fibromyalgia as a medically determinable impairment on this ground.

For the reasons stated above, the Court finds the ALJ erred by excluding fibromyalgia at step two. Further, the Court notes that this error cannot be considered harmless. An error is harmless if "there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina*, 674 F.3d at 1115 (quoting *Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir. 2004)). Thus, if a claimant prevails at step two and the ALJ considers all impairments–regardless of severity–in the subsequent steps, an ALJ's failure to consider an impairment "severe" is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Here, Plaintiff prevailed at step two; however, the ALJ did not appropriately engage with Plaintiff's fibromyalgia at any of the subsequent steps of the sequential evaluation or otherwise provide sufficient reasoning with respect to the

1 | severity of Plaintiff's fibromyalgia.  See SSR 12-2p; cf. *Lewis*, 498 F.3d at 911
2 | (holding that ALJ's failure to list plaintiff's bursitis as a severe impairment at step
3 | two was harmless where ALJ specifically discussed bursitis and its effects when
4 | identifying the basis for limitations in the RFC; and considered limitations caused
5 | by bursitis at step four); *Janie Elizabeth G. v. Saul*, 2020 WL 13505040, at *5
6 | (W.D. Wash. May 29, 2020) (ALJ commits reversible error at step two by "not
7 | including fibromyalgia as a medically determinable impairment [where]
8 | fibromyalgia symptoms [are excluded] from consideration at steps four and five").
9 | Therefore, the ALJ's error at step two in this case is not harmless.  The ALJ's
10 | legally deficient consideration of fibromyalgia permeated the ALJ's entire decision
11 | and harmfully impacted the analysis at the subsequent steps.
12 |   Remand for further proceedings is thus necessary for the ALJ to properly
13 | assess the condition in the first instance.  "Where," as here, "there is conflicting
14 | evidence, and not all essential factual issues have been resolved, a remand for an
15 | award of benefits is inappropriate."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775
16 | F.3d 1090, 1101 (9th Cir. 2014).  Because the ALJ's reassessment of fibromyalgia
17 | at step two may be dispositive or otherwise alter the ALJ's conclusions at the
18 | remaining steps, the Court exercises its discretion to remand on this ground alone
19 | and thus declines to address Plaintiff's remaining assignments of error.  *See PDK*
20 | *Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to
21 | decide more, it is necessary not to decide more.") (Roberts, J., concurring in part
22 | and concurring in the judgment).
23 |   On remand, the ALJ shall reassess Plaintiff's fibromyalgia and, as
24 | appropriate, reweigh the medical opinion evidence of record, reconsider Plaintiff's
25 | symptom claims, and reevaluate the remaining steps of the sequential evaluation.
26 | //
27 | //
28 | //

## VII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 9**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED September 27, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE